# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

BOBBY JOE SMITH, II,

      Petitioner - Appellant,

v.

ROBERT C. PATTON, DOC Director,

      Respondent - Appellee.

No. 15-7063
(D.C. No. 6:12-CV-00314-RAW-KEW)
( E.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPEAL

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Bobby Joe Smith II was convicted by an Oklahoma jury of raping and molesting his fourteen-year-old niece. For that crime, he was sentenced to life imprisonment. While that conviction arose out of events occurring in June 2009, Smith had actually been molesting his niece on a regular basis since she was nine-years-old. He also had raped her and her friend in his mother's shed. These facts were introduced at trial as sexual propensity evidence. Smith appealed from his conviction and sentence. The Oklahoma Court of Criminal Appeals (OCCA) affirmed. He twice unsuccessfully attempted to seek post-conviction relief with the state trial court; he did not appeal from the denials of those applications.

Smith's 28 U.S.C. § 2254 habeas petition raises four claims: (1) the trial court denied him the right to a fair trial by admitting the sexual propensity evidence; (2) double jeopardy was violated by the use of the sexual propensity evidence at trial when that evidence also formed the basis of charges in an unrelated case; (3) the police illegally obtained pictures of the tattoo on his penis and allegedly altered the pictures so the tattoo would match the victims' descriptions, and (4) trial and appellate counsel were ineffective by failing to object to the illegal pictures, investigate DNA evidence, and present alibi witnesses. A magistrate judge recommended dismissing the petition because the admission of the propensity evidence had not deprived him of a fair trial and the remaining claims were procedurally defaulted—they had not been properly exhausted and if Smith were to return to state court to do so, the OCCA would find them procedurally barred. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). The magistrate judge rejected Smith's attempts to avoid the default. The district judge adopted the recommendation in full and dismissed the petition. Smith wants another opportunity to make his case, but he is unable to pass the threshold.

A certificate of appealability (COA) is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain one, Smith must make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2). We, in turn, are required to determine whether "reasonable jurists could debate whether (or, for that matter, agree that) [a habeas] petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We have thoroughly reviewed the record, the magistrate judge's recommendation, and the district court's decision. Smith has failed to make the applicable showing. His COA application and opening brief amount to little more than a lengthy diatribe against all involved in his case; they certainly do not convince us that reasonable jurists could debate the correctness of the result reached by the district court.

We **DENY** a COA and **DISMISS** this matter. The district judge allowed Smith to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*). But only prepayment is excused, *see* 28 U.S.C. § 1915(a). Smith is required to pay all filing ($5.00) and docketing fees ($500.00). Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge